IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KATHY HAINEY, et. al. | : | CASE NO. 1:02CV00733 |
| Plaintiffs | : | (Hon. Sandra S. Beckwith) |
| v. | : | |
| CARL L. PARROTT, et. al. | : | |

## SPECIAL MASTER'S PLAN FOR DISTRIBUTION

### PROPERTY LOSS

The Court has approved a total settlement figure of $6,000,000. Out of this amount, there will be court-ordered distributions to plaintiffs' counsel, incentive awards to class representatives, administrative and miscellaneous costs. Interest on the funds, set aside pending approval of the settlement and final distribution, has accumulated, and, as agreed upon by the parties and the Court, is to be included in the settlement fund and is to offset some of the administrative charges.

The remaining amount available for distribution will be divided by the number of decedent families identified by the timely filing of a claim form by at least one eligible claimant for an individual decedent. The amount per decedent will be the same for all decedents. If more than one individual qualifies for an award within a decedent unit, the amount will be equally divided between/among the eligible claimants. Consideration for eligibility will be based on statutory and court-approved priority. Eligibility based on this priority will be determined as to the person or persons who were in the highest priority at the time of the decedent's autopsy. Priority by highest to lowest is as follows:

1) the spouse;
2) an adult son or daughter;
3) either parent;
4) an adult brother or sister;
5) other relatives of the deceased;
6) friends, and/or any other person who undertakes to inter or cremate the body of the decedent at private expense

Only those who are first in priority will be eligible for an award. In other words, if there was a spouse, no other individual will be eligible. If there was no spouse, but adult children, the amount will be divided between/among those adult children. If there were no adult children at the time of autopsy, then the amount will be divided between parents of the decedent. If there were no parent(s) living, then the amount will be divided between/among adult siblings (sisters and brothers). If there is no one who qualifies in any of the above categories 1 through 5, then any other individual who was over the age of 18 at the time of the autopsy and who claimed the body and timely filed a claim form may be considered for award eligibility by the Special Master. No individual will be eligible for an award who did not file a claim form within the deadlines set by the Court. To be eligible, a claimant must have been at least 18 years of age at the time of decedent's autopsy. The Special Master has been delegated the authority to exercise discretion in determining priority and eligibility by the Court.

If the claimant(s) who had the first right of priority has died since the decedent's autopsy, and it is required that an estate(s) be opened or re-opened and/or relieved from administration and/or probate filings have to be amended in order for there to be distribution, the fund will forward a check in the amount of $135.00 in the name(s) of the estate(s) to cover those costs, and the check(s) for the amount(s) awarded will be made payable in the name of the estate(s). At the discretion of the Special Master, awards can be paid directly to the individual(s) who would be eligible under descent and distribution

2

without probate court involvement.

Any individual attorney fees for any services, whether probate or other, utilized by any individual claimant, estate, trustee or administrator will not be the responsibility of the Hainey Class Action Settlement Fund, and there can be no claim against this Settlement Fund for those individual expenses.

Awards in this category are considered property loss awards.

### INCENTIVE AWARDS/AWARDS TO CLASS REPRESENTATIVES

Incentive awards for those individuals who took an active role in the furtherance of this case will be determined by the Court upon recommendation of counsel for the parties. The Office of the Special Master will not be involved in the determination of these awards, but will have the responsibility to follow the Court's order in the distribution of these awards.

### EMOTIONAL DISTRESS

To address the emotional loss of claimants, four group grief counseling sessions will be offered. These sessions will be two hours long, will be open to all claimants, and will be conducted by Dr. Steve Sunderland, an expert in the field of grief counseling. His qualifications are attached to this distribution plan. Those individuals who wish to avail themselves of these sessions can attend any or all of these sessions free of charge. Dr. Sunderland's charges will be paid by the Fund.

Individuals will be notified of these counseling sessions by letter, and notice will be posted on the websites for the United States District Court for the Southern District of Ohio, and for Hamilton County, Ohio (www.ohsd.uscourts.gov or www.hamiltoncountyohio.gov/hc/hc_pdfs/haineydistributionplan.pdf. There will be no individual emotional distress awards. If individuals seek additional counseling, it will be at their own expense.

3

## CLAIMANT OPTION: AWARD TO CHARITY

If a claimant directs the Special Master that any money to be awarded to that claimant be sent to a charity designated by that claimant, the Special Master will honor that request and forward a check in the amount designated to the charity. The charity award option is being offered as a means to provide those who had a legitimate right to an award, but who feel uncomfortable about taking an award due to the nature of the claim, e.g., retention of body parts or tissue for the purpose of completing an autopsy, an avenue which might assist them to have closure in this matter.

## APPEAL PROCESS

All individuals who filed claim forms will receive a letter from the Office of the Special Master advising of their status as a claimant. Any individual dissatisfied with the decision made by the Special Master in regard to eligibility as, or of, a claimant, and/or as to the amount of an award, can appeal the Special Master's decision to The Honorable Timothy Black, Magistrate, U.S. District Court for the Southern District of Ohio, by forwarding a letter to him with a copy to the Special Master. The letter should state the reasons for the Magistrate to change the decision of the Special Master. These letters must be postmarked no later than 30 days from the date of the decision of the Special Master which is being appealed. The Special Master will respond in writing to the Magistrate, and to the individual requesting the appeal, giving the basis of the decision. The Magistrate will not be required to take new evidence or oral testimony. He shall be permitted to rely solely upon that information that was made available to the Special Master at the time of the consideration of the individual, appealed award. If the Magistrate modifies or changes an award determination previously made by the Special Master, the Magistrate must find that

there had been an abuse of discretion in the determination of the initial award. The decision of the Magistrate is final, and no further appeal can be taken.

## DISTRIBUTION

All award checks issued to claimants will be sent by certified mail, return receipt requested, to the last known address. The cover letter accompanying the checks will state that the checks must be cashed within 90 days of the date on the check. Any funds related to uncashed checks will be forwarded to the State of Ohio, Division of Unclaimed Funds.

## SURPLUS

If, after all bills, fees, and awards are paid, there is a surplus, the Court will determine its distribution.

## TIME FRAME FOR DISTRIBUTION

No claimant awards will be issued until all appeals are exhausted in order for there to be an accurate as possible determination of the number of eligible decedent families to be divided into the amount of funds available for claimant awards.

## PUBLIC RECORD AND CONFIDENTIALITY

The Special Master will file with the Court a list of all approved claimants and the amount of their awards. It will be left to the Court to determine whether this list will be a record maintained and available to the public through the Clerk of the U.S. District Court for the Southern District of Ohio. It is the intent of the Special Master that the claim forms and the material contained therein will be kept confidential and not part of the public record unless otherwise ordered by the Court.

## DESIGNATION AS A QUALIFIED SETTLEMENT FUND

Upon transfer of the funds, including the available interest, from Hamilton County

to the control of the Special Master, these funds are to be designated as a Qualified Settlement Fund. The funds are to be placed in an interest-bearing account with a Court-approved financial institution pending distribution. All distributions, including awards and expenditures, must have Court approval. After the distribution of the funds and at the termination of the plan, the Special Master shall file a final report with the Court detailing the expenditures, along with a statement by the accounting firm of its independent audit attesting to the accuracy of the balance sheet.

Respectfully submitted,

*[signature]*

MARLENE PENNY MANES [0022575]
917 Main Street, Suite 400
Cincinnati, Ohio 45202
Phone: (513) 977-4214
Fax: (513) 977-4238

SPECIAL MASTER

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Special Master's Plan for Distribution was served on John H. Metz, Attorney for Plaintiffs, 4400 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202 and David T. Stevenson, Assistant Prosecuting Attorney, Hamilton County Prosecutor's Office, William Howard Taft Law Center, 230 E. Ninth Street, Suite 4000, Cincinnati, Ohio 45202, via electronic transmission, the 8th day of November, 2007.

*[signature]*

MARLENE PENNY MANES

6